a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONNIE LEE COUSIN #89334/100121, Petitioner | CIVIL DOCKET NO. 5:23-CV-01235 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MICHELE DAUZAT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ronnie Lee Cousin ("Cousin"). ECF No. 1. Cousin is incarcerated at David Wade Correctional Center in Homer, Louisiana. He complains that he has been placed in segregation without due process.

Because Cousin does present a viable habeas claim, his Petition should be DENIED and DISMISSED.

I. Background

Cousin was administered a drug test upon his arrival at David Wade Correctional Center and tested positive for PCP. ECF No. 1-2 at 3. He pleaded guilty to the resulting disciplinary violation and was sentenced to 60 days of disciplinary segregation. *Id.*

The following week, Cousin refused to provide a sample for a drug test. He received another disciplinary charge, to which he pleaded guilty. He was sentenced to another 60 days of disciplinary segregation. ECF No. 1-2 at 3.

As he neared the end of the segregation term, Cousin received a notice stating that he was eligible for "preventive segregation," which he asserts is a "more sanitize term" for extended lockdown. *Id.* at 4. Cousin claims that he was entitled to due process before being placed in "preventive segregation." *Id.*

Cousin alleges that his administrative grievances have gone unanswered.

## II. Law and Analysis

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). On the other hand, a civil rights action is the appropriate remedy for recovering damages resulting from illegal administrative procedures or conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).

To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, a court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). If a favorable determination would not automatically entitle the prisoner to accelerated release, he may not utilize habeas corpus procedures and must instead

vindicate his rights through a properly filed civil rights proceeding. *See Stark v. Cruz*, 3:12-CV-3587, 2012 WL 5340248, at *1 (N.D. Tex. Oct. 17, 2012) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059 (1996)), *report and recommendation adopted*, 2012 WL 5342500 (N.D. Tex. Oct. 30, 2012); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

Cousin complains of the conditions of his confinement—namely, his placement in segregation without due process. Cousin does not challenge his conviction or the execution of his sentence. Cousin's placement in or removal from "preventive segregation" has no effect on the duration of his confinement. Success in this proceeding would not entitle him to accelerated release. Thus, he cannot state a viable claim under § 2241. *See Doolittle v. Vannoy*, 21-CV-167, 2022 WL 1671874, at *2 (M.D. La. May 3, 2022), *report and recommendation adopted*, 2022 WL 1671858 (M.D. La. May 25, 2022).

### III. Conclusion

Because Cousin does not state a viable habeas claim, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 11, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE